UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| RE PALM SPRINGS II, LLC, | § | |
| | § | |
| Debtor, | § | |
| --------------------------------- | § | |
| SR CONSTRUCTION, INC., | § | |
| | § | |
| Plaintiff/Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-3486-B |
| | § | |
| RE PALM SPRINGS, LLC and | § | |
| HALL PALM SPRINGS, LLC, | § | |
| | § | |
| Defendants/Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court in this bankruptcy appeal is Appellee Hall Palm Springs, LLC (HPS)'s Motion to Dismiss Appeal as Moot (Doc. 15). For the reasons that follow, the motion is **DENIED**.

### I.

### BACKGROUND

Appellant SR Construction, Inc. (SRC) appeals two orders of the bankruptcy court in the pending Chapter 11 bankruptcy of RE Palm Springs II, LLC ("RE Palm Springs"). *See* Doc. 2, Mot. Stay, 1. The Court recounts only the facts giving rise to the orders that are pertinent to resolving the pending motion.

In 2017, SRC was engaged to construct a hotel in Palm Springs, California (the "Property"). Doc. 3-1, Movant's Ex. A, 69. The then-owner of the Property obtained construction financing from HPS secured by a deed of trust in the Property. *See* Doc. 3-5, Movant's Ex. E, 1–2. SRC was not paid

for its work and was eventually terminated mid-project. Doc. 3-1, Movant's Ex. A, 71–72. SRC maintains that at the time it was terminated, it was owed over $14 million for work it had completed. *Id.* at 72. So after it was terminated, SRC recorded a mechanic's lien on the Property and filed suit in California seeking to foreclose on such lien. *Id.* at 72–73.

Meanwhile, the then-owner of the Property defaulted on its loan with HPS, and HPS accelerated the loan. *See* Doc. 2, Mot. Stay, 7 (citations omitted). Soon after, the organizer of HPS formed RE Palm Springs.[1] *See* Doc. 3-1, Movant's Ex. A, 45. The then-owner of the Property then transferred the Property to RE Palm Springs, and a grant deed was recorded. Doc. 2, Mot. Stay, 7 (citation omitted). According to SRC, RE Palm Springs "gave no consideration for the [g]rant [d]eed, but took ownership subject to $50 million in liens and security interests." *Id.* (citations omitted). RE Palm Springs then filed its voluntary Chapter 11 bankruptcy petition. *See generally* Doc. 3-7, Movant's Ex. G.

After a sale of the Property via a stalking-horse bidder fell through, *see* Doc. 2, Mot. Stay, 8–9, HPS moved the bankruptcy court to authorize a credit bid under which it would buy the Property via a line of credit. *See generally* Expedited Mot., *In re RE Palm Springs II, LLC*, No. 20-31972 (Bankr. N.D. Tex. Oct. 13, 2020), ECF No. 198. Before the bankruptcy court ruled on this motion, SRC filed an adversary proceeding in the bankruptcy court against HPS and RE Palm Springs seeking, among other relief, an injunction of the sale of the Property pending determination of the propriety of the initial transfer of the Property to RE Palm Springs from the prior owner and

---

[1] According to the record, HPS formed an entity called Hall Palm Springs II, LLC, but that entity changed its name to RE Palm Springs in June 2020. Doc 3-6, Movant's Ex. F, 1. For simplicity's sake, the Court refers to RE Palm Springs, the debtor, by its current name only.

priority of SRC's security interest in the Property. Doc. 3-17, Movant's Ex. Q, 4. That proceeding remains pending. Nonetheless, by order dated November 9, 2020, the bankruptcy court accepted HPS's credit bid (the "Credit Bid Order"). Order, *In re RE Palm Springs II, LLC,* No. 20-31972 (Bankr. N.D. Tex. Nov. 9, 2020), ECF No. 248. Then, following two days of evidentiary hearings, the bankruptcy court found, among other things, that HPS was a good-faith purchaser under 11 U.S.C. § 363(m) and approved the sale of the Property. Order at 4–7, *In re RE Palm Springs II, LLC*, No. 20-31972 (Bankr. N.D. Tex. Nov. 18, 2020), ECF No. 262 (the "Sale Order").

SRC sought a stay of the Sale Order from the bankruptcy court but did not receive one. *Id.* Soon after, SRC appealed the Credit Bid Order and the Sale Order in this Court and sought a stay of the Sale Order pending resolution of its appeal. *See generally* Doc. 2, Mot. Stay. The Court denied the motion, Mem. Op. & Order at 1, *SR Constr. Inc., v. Hall Palm Springs, LLC, et. al.*, No. 3:20-cv-3487-B (N.D. Tex. Dec. 1, 2020), ECF No. 12[2], and the sale of the Property closed on January 26, 2021. Doc. 14, Appellant's Br., 12. Undeterred, SRC now asks this Court to "reverse the . . . Credit Bid Order and find that HPS failed to . . . establish it was entitled to make a credit bid[.]" *Id.* at 24. In response, HPS moved to dismiss SRC's appeal, arguing that without a stay of the sale, "SRC's ongoing effort to . . . unwind the sale is now moot," and dismissal of the appeal is proper. Doc. 15, Mot. Dismiss, 2. RE Palm Springs joined in HPS's motion, *see* Doc. 19, Joinder, and HPS opposes this joinder. Doc. 21, Obj., 1. The Court suspended all appellate briefing deadlines pending the resolution of HPS's motion. Doc. 17, Order.

---

[2] On April 13, 2021, the Court consolidated cause number 3:20-cv-3487-B into the above-styled action. *See* Doc. 18, Order.

The motion to dismiss is fully briefed and ripe for review. Finding that the issue of whether HPS was a good-faith purchaser was not rendered moot by the sale of the Property, the Court **DENIES** the motion and orders appellate briefing limited to that issue.

## II.

## LEGAL STANDARD

Final judgments, orders, and decrees of a bankruptcy court may be appealed to a federal district court. 28 U.S.C. § 158(a). Because the district court functions as an appellate court in this scenario, it applies the same standards of review that federal appellate courts use when reviewing district court decisions. *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992) (citations omitted). "It is well established" that claims not presented to the bankruptcy court cannot be heard on appeal. *In re Ginther Trs.*, 238 F.3d 686, 688–89 (5th Cir. 2001) (per curiam) (quoting *In re Gilchrist*, 891 F.2d 559, 561 (5th Cir. 1990)).

Mootness is a jurisdictional matter. *In re Watch Ltd.*, 295 F. App'x 647, 650 (5th Cir. 2008) (per curiam) (quoting *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). Appeals are moot "when an appellate court lacks the power to provide an effective remedy for an appellant, even if the court were to find in the appellant's favor on the merits." *Id.* at 649–650 (citing *In re Sullivan Cent. Plaza, I, Ltd.*, 914 F.2d 731, 735 (5th Cir. 1990)).

## III.

## ANALYSIS

HPS argues that SRC's appeal is moot because this Court cannot grant any relief that would change the outcome of this adversary proceeding. *See generally* Doc. 15, Mot. Dismiss. By statute, bankruptcy appeals are moot in certain circumstances. *See* 11 U.S.C. § 363(m). "Section 363(m)

patently protects, from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal." *In re O'Dwyer*, 611 F. App'x 195, 199 (5th Cir. 2015) (per curiam) (quoting *In re Gilchrist*, 891 F.2d at 560). The doctrine of statutory mootness thus "limits the ability of appellate courts to review the sale of estate property when the order approving the transaction is not stayed." *In re Sneed Shipbuilding, Inc.*, 916 F.3d 405, 409 (citing 11 U.S.C. § 363(m)). The doctrine assures buyers of estate property that "once the bankruptcy court approves the sale and it is consummated (that is, the order is not stayed), then no appellate court can later second-guess the deal." *Id.* at 409–10; *see also In re Walker Cnty. Hosp. Corp.*, —F.4th—, 2021 WL 2910595, at *6 (5th Cir. 2021). Relevant here, however, is an exception to this doctrine contained in the express language of § 363(m): the absence of a stay does not moot the appeal of a sale authorization to the extent that the appeal challenges the "good faith" of the purchaser. *See In re TMT Procurement Corp.*, 764 F.3d 512, 520–22 (5th Cir. 2014) (per curiam).

This Court denied SRC's request for an emergency stay of the sale order. Mem. Op. & Order at 1, *SR Constr. Inc., v. Hall Palm Springs, LLC, et. al.*, No. 3:20-cv-3487-B (N.D. Tex. Dec. 1, 2020), ECF No. 12. The only issue, then, is whether the winning bidders were good-faith purchasers. Indeed, HPS concedes that "[t]he only argument that can survive 363(m) is one of good faith." Doc. 25, Reply, 8. SRC preserved this issue for appeal by raising it during the bankruptcy court proceedings. Appellant's Am. Designation of R. & Statement of Issues on Appeal, *In re RE Palm Springs II, LLC*, No. 20-31972 (Bankr. N.D. Tex. Nov. 18, 2020), ECF No. 284. Thus, under § 363(m), the sale of the Property does not moot SRC's appeal because there is an ongoing issue, which was properly preserved, as to whether HPS acted in good faith.

Case 3:20-cv-03486-B   Document 26   Filed 07/29/21   Page 6 of 7   PageID 15956

While the Bankruptcy Code does not define good-faith purchaser, the Fifth Circuit has characterized a good-faith purchase in bankruptcy as one that lacks "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Bleaufontaine, Inc.*, 634 F.2d 1383, 1388 n.7 (5th Cir. Unit B Jan. 1981) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)). While SRC filed an opening brief in support of its appeal, its discussion of HPS's alleged bad-faith purchase and "fraudulent scheme" was minimal. *See* Doc. 14, Appellant's Br., 23. Further, HPS did not have the opportunity to respond to SRC's underlying appeal because the Court suspended all appellate briefing deadlines pending resolution of the motion to dismiss. Doc. 17, Order. Without full briefing on this issue, the Court declines to make a final determination regarding good faith. The parties are therefore directed to fully brief SRC's appeal, limited to the issue of whether HPS was a good-faith purchaser, as follows: Appellant must file its opening brief within 30 days of the date of this Order. Appellees shall file a response within 30 days of the date Appellant's opening brief is filed. Any reply brief must be filed within 14 days of the date Appellee's response is filed.

## IV.

## CONCLUSION

For the foregoing reasons, HPS's motion to dismiss (Doc. 15) is **DENIED.** Because the Court has denied HPS's motion to dismiss, any argument opposing RE Palm Springs's joinder of that motion, *see* Doc. 19, Joinder, 1; Doc. 21, Obj., 1, is **OVERRULED** as moot.

SO ORDERED.

SIGNED: July 29, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE